**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 97-60054
(Summary Calendar)

FERGUSON-WILLIAMS, INC.,

                              Petitioner/Cross-Respondent,

                    versus

NATIONAL LABOR RELATIONS
BOARD,

                              Respondent/Cross-Petitioner.

Petition for Review and Cross-Application for Enforcement
of an Order of the National Labor Relations Board
(16-CA-17123(1-2))

September 11, 1997

Before WIENER, BARKSDALE, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Petitioner/Cross-Respondent Ferguson-Williams, Inc. (Employer)

asks us to reverse the decision and Order of Respondent/Cross-

Petitioner National Labor Relations Board (NLRB or the Board)

adverse to Employer and to render a judgment as a matter of law in

---

     [*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

favor of Employer. Conversely, the NLRB asks us to deny Employer's Petition for Review and order enforcement of the NLRB's Order in full.

I

BACKGROUND

Employer is a non-union Base Operations Support contractor for the United States Naval Station at Ingleside, Texas, which Local Union 278 of the International Brotherhood of Electrical Workers, AFL-CIO (the Union), unsuccessfully sought to organize in a campaign culminating in a January 1995 election won by Employer. The Union filed numerous charges of unfair labor practices alleged to have been committed by Employer during the pre-election organizing campaign and following the election as well. After the Board's General Counsel issued formal complaints on three of the charges, an Administrative Law Judge (ALJ) held a hearing on the consolidated charges and, in a detailed opinion addressing numerous incidents, conversations, communications, and encounters — the facts of which were, in most instances, hotly disputed — ruled in favor of the General Counsel and against Employer on many but not all issues. The vast majority of the rulings by the ALJ were the result of carefully and thus unassailably crafted credibility calls on conflicting testimony, in essentially every one of which the ALJ credited the Union's witnesses and declined to credit Employer's principal witness.

The ALJ concluded that Employer violated § 8(a)(1) and (3) of

2

the National Labor Relations Act (Act), which violations constituted unfair labor practices affecting commerce within the meaning of § 2(6) and (7) of the Act. As the remedy for those violations, the ALJ recommended that the Board order that Employer generally cease and desist from such practices and from otherwise interfering with, restraining, or coercing its employees in the exercise of the rights guaranteed to them under § 7 of the Act, and also ordered specific remedial action, including, without limitation, reinstatement of discriminatorily discharged employees, expungement from its records of references to unlawful terminations of those employees, preservation of various specified records and making them available to the Board, and posting a specified notice at Employer's Ingleside, Texas, facility (Appendix to the ALJ's proposed order, as published with the Board's Order).

A three member panel of the NLRB reviewed and adopted the recommended Order of the ALJ. Employer timely sought review and reversal thereof and the Board timely opposed Employer and sought enforcement of the Board's Order.

II

DISCUSSION

We have carefully reviewed the aforesaid decision and proposed order of the ALJ and the decision and Order of the Board affirming and adopting the ALJ's recommended order, and we have also reviewed and analyzed the facts and legal arguments of the parties as related by their able counsel in briefs filed herein. We are

3

convinced by our review that we must deny the Petition for Review filed by Employer and render judgment enforcing the Board's Order. As noted by the Board, its findings that Employer violated the Act by giving the impression to the employees that their union activities were under surveillance by Employer, and by implementing increased scrutiny of one of the pro-union employee's work due to her organizing activities, remain essentially unrefuted by Employer. Additionally, the Board's findings that Employer violated § 8(a)(1) of the Act by disseminating coercive statements and engaging in coercive actions in response to the Union's efforts to organize Employer is supported by substantial evidence. Specifically, the testimony credited by the ALJ makes clear that Employer's project manager impermissibly interrogated employees regarding organizing activities, union sympathies, and identities of those employees who were sympathetic with the Union or were engaged in leadership roles of the organizing effort. Likewise, the Board's findings that Employer violated § 8(a)(3) and (1) of the Act by firing three named employees in retaliation for activities in support of the union is supported by substantial evidence, as is the pretextual nature of the justification proffered by Employer.

## III

## CONCLUSION

When we review the facts found by the ALJ and adopted by the Board under the substantial evidence standard, we are constrained

4

to affirm the findings and approve the Order of the Board based thereon. In sum, there is substantial evidence supporting the facts properly characterized as violations of § 8(a)(1) and (3), thereby constituting unfair labor practices under the Act and thus mandating that we reject Employer's Petition for Review and grant the Board's cross-application for enforcement of its Order in all respects.

SO ORDERED.